## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUBEN ECHEVERRIA,<br><br>Defendant.<br>_____ / | CASE NO. CR-F-08-0341 LJO<br><br>**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Defendant Ruben Echeverria ("Mr. Echeverria") is a federal prisoner and proceeds pro se to modify his sentence. The motion is denoted as a motion pursuant to 28 U.S.C. §2241 for habeas corpus relief. The Court, however, construes the motion as one pursuant to 18 U.S.C. §3582(c)(2) ("section 3582 motion") because the motion seeks to reduce or modify the sentence.

## **BACKGROUND**

### **Plea Agreement**

Mr. Echeverria was charged in two separate cases before this Court. In the first case, CR 08-245, Mr. Echeverria was charged with possession of a firearm not registered with the National Firearms Act in violation of Title 26, United States Code, section 5861(d). In the second case, CR 08-341, Mr. Echeverria was charged with failing to appear in violation of 18 U.S.C. §3146(a)(1) and (b)(1)(A)(ii).

By a November 10, 2008, plea agreement, defendant voluntarily entered a guilty plea resolving both cases. Mr. Echeverria agreed to plea guilty to the charge of possessing an unregistered firearm in violation of the National Firearms Act and agreed to plea guilty for failing to appear. (Doc. 5, Plea Agreement.) As part of the plea agreement, Mr. Echeverria agreed he knowingly and voluntarily was

waiving his constitutional and statutory right to appeal his plea, conviction and sentence. He further agreed "not to contest his plea, conviction and sentence in any post-conviction proceeding."

On January 30, 2009, defendant was sentenced to 19 months for possession of an unregistered firearm, and sentenced to 18 months imprisonment for failure to appear. The sentences were to run consecutively. (See Case CR 08-245, Doc. 260; Case CR 08-341, Doc. 10.) Judgment was entered on February 6, 2009.

### Defendant's Motion to Reduce Sentence

On May 11, 2011, defendant filed his motion to reduce sentence on the ground that the "Recency" factor has been eliminated from punishment. Defendant argues that on November 1, 2010, the United States Sentencing Commission eliminated subsection (e) from Guideline 4A1.1 (criminal history category) where points were added to the criminal history if defendant committed the instant offense less that two years after release from imprisonment or while on escape status. He argues he received an additional point under subsection (e), and because the subsection has now been eliminated, he is entitled to a retroactive reduction in sentence. (Doc.11, motion.)

### Section 3582(c)(2) Standards

Section 3582(c)(2) permits sentence modification under limited circumstances:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In applying section 3582(c)(2), a district court must: (1) first determine that a reduction is consistent with the policy statements of U.S. Sentencing Guidelines ("USSG") § 1B1.10; and (2) then consider applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according the circumstances of the case. *Dillon v. U.S.*, 130 S.Ct. 2683, 2691 (2010) (interpreting section 3582(c)(2)). *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009) (discretionary reduction allowed only if sentence is "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") Because modification of an imposed prison term does not implicate the Sixth Amendment and is not otherwise constitutionally mandated, proceedings under section 3582(c)(2) do not trigger application of *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). *Dillon*, 130 S.Ct. at 2692-2693.

In *Dillon*, 130 S.Ct. At 2692, the U.S. Supreme Court explained:

> We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.

With these standards in mind, this Court turns to defendant's claimed ground for sentence reduction.

## **4A1.1 Criminal History Category**

Defendant notes that at sentencing, he received additional points under former USSG § 4A1.1(e) (point enhancement for committing current offense "less than two years after release from imprisonment"). Defendant contends that the recent amendments to the USSG eliminated consideration of "Recency" points under USSG § 4A1.1(e). He contends the amendments should be applied retroactively.

At the time Mr. Echeverria was sentenced, the guidelines required an addition of points if the defendant committed the current offense "less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence." Former U.S.S.G. § 4A1.1(e) (removed by 2010 Amendments). The Guideline for criminal history category provides that a defendant's criminal history will be translated into a specific number of points. These points in turn determine the criminal history category in the sentencing table; specifically, the points determine which of the six columns of the sentencing table will define a defendant's sentence. See U.S.S.G. Ch. 5, Pt. A, sentencing table. Effective November 1, 2010, the Commission amended the Guidelines and deleted subsection (e) (Recency) in its entirety, stating that "[r]ecent research isolating the effect of § 4A1.1(e) on the predictive ability of the criminal history score indicated that consideration of recency only minimally improves the predictive ability." (See U.S.S.G. App. C, amend. 742.) USSG

§ 4A1.1, Subsection (f) (Prior Convictions of Crimes of Violence) was redesignated as subsection (e). (U.S.S.G. App. C, amend. 742.)

Since Mr. Echeverria was sentenced before November 1, 2010, the amendment to the Guidelines must be retroactive to reduce his sentence. Certain amendments are stated as retroactive. U.S.S.G. § 1B1.10(c) sets forth those amendments to the Sentencing Guidelines which are to be applied retroactively to reduce a sentence previously imposed.[1] Although Mr. Echeverria does not specify the amendment upon which he intends to rely, the only amendments to U.S.S.G. § 4A1.1, pertaining to criminal history category, are Amendment 651 and 742. Amendments 651 and 742 are not listed as covered amendments in U.S.S.G. § 1B1.10(c) as applying retroactively. Therefore, these amendments do not apply retroactively. Because the Guideline amendments upon which Mr. Echeverria relies may not be applied retroactively, there is no legal basis for computing the guideline sentence applicable to the offense of conviction differently than it was computed at sentencing.

**Request to Appoint Counsel**

Although the Court has the discretion under 18 U.S.C. § 3006A[2] to appoint counsel for certain proceedings, given the Court's resolution of Mr. Echeverria's claims, the motion is denied.

**ORDER**

Since a sentence reduction for defendant is inconsistent with USSG policies, this Court DENIES defendant a sentence reduction and DENIES the motion to appoint counsel.

IT IS SO ORDERED.

Dated:   May 17, 2011                             /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

---

[1] U.S.S.G. §1B1.10(c) states in pertinent part: Amendments which are given retroactive application are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

[2] A district court is authorized to appoint counsel to represent a defendant seeking certain kinds of relief whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).